<u>IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

```
RAUL COLON,                            )
                                       )   Civil Action
            Petitioner                 )   07-CV-03618
                                       )
      vs.                              )
                                       )
SUPERINTENDENT CHARLES ERICSON,        )
THE DISTRICT ATTORNEY OF THE           )
   COUNTY OF PHILADELPHIA, and         )
THE ATTORNEY GENERAL OF THE            )
   STATE OF PENNSYLVANIA               )
                                       )
            Respondents                )
```

<u>O R D E R</u>

NOW, this 20th day of November, 2008, upon consideration of the Petition for Writ of Habeas Corpus filed August 30, 2007 by petitioner pro se; upon consideration of the Motion to Appoint Counsel under 18 U.S.C.A. § 3006a(2)(b), which motion was filed June 23, 2008 by petitioner pro se; upon consideration of Respondents' Answer to Petition for Habeas Relief, which response was filed February 8, 2008; upon consideration of the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo filed October 16, 2008; it appearing that as of the date of this Order, petitioner has not filed any objections to the Report and Recommendation of Magistrate Judge Restrepo; it further appearing after review of this matter that Magistrate Judge Restrepo's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

IT IS ORDERED that Magistrate Judge Restrepo's Report and Recommendation is approved and adopted.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is denied with prejudice and without an evidentiary hearing.

IT IS FURTHER ORDERED that the Motion to Appoint Counsel under 18 U.S.C.A. § 3006a(2)(b) is denied.[1]

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable or wrong, and because petitioner fails to demonstrate denial of a constitutional right, there is no probable cause to issue a certificate of appealability, and therefore a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

[1] "There is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding." Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991). By statute, the court is only required to appoint counsel in a habeas corpus proceeding when an evidentiary hearing is warranted and the petitioner qualifies to have counsel appointed under 18 U.S.C. § 3006A. See 28 foll. § 2254, Rule 8(c). Otherwise, appointment of counsel is left to the discretion of the court. Reese, 946 F.2d at 263; see also 18 U.S.C. § 3006A(g). In this case, appointment of counsel is unnecessary because by this Order I have dismissed the petition without an evidentiary hearing.